**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LAVEISHA TOOLE**                                                                                    **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO.:** 3:23-cv-3040-DPJ-FKB

**RILEY HEALTHCARE, LLC D/B/A
THE OAKS REHABILITATION AND HEALTHCARE CENTER**                **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Laveisha Toole, by and through counsel, Watson &

Norris, PLLC, and files this action to recover damages for violations of her rights under

Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 for race discrimination and

retaliation against Defendant, Riley Healthcare, LLC d/b/a The Oaks Rehabilitation and

Healthcare Center. In support of this cause, the Plaintiff would show unto the Court the

following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Laveisha Toole, is an adult female who resides in Lauderdale

County, Mississippi.

2.      Defendant, Riley Healthcare, LLC d/b/a The Oaks Rehabilitation and

Healthcare Center, is a Delaware limited liability corporation licensed to do business in

the state of Mississippi that may be served with process by serving its registered agent,

Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi

39110.

**JURISDICTION AND VENUE**

3.      This Court has federal question and civil rights jurisdiction for a cause of

1

action arising under Title VII of the Civil Rights Act of 1964, as amended, and and 42 U.S.C. § 1981.

4.    This Court has subject matter and personal jurisdiction over the Defendant and venue is proper in this Court.

5.    Plaintiff timely filed her Charge of Discrimination with the EEOC on July 23, 2022, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on July 28, 2023, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

6.    Laveisha Toole is a 32-year-old black female resident of Lauderdale County and Meridian, Mississippi.

7.    Defendant hired Plaintiff on April 18, 2021, as a Certified Nursing Assistant (CNA) at Riley Healthcare, LLC dba The Oaks Rehabilitation and Healthcare Center.

8.    On May 24, 2022, CNA Chuneisha Harvey, who is Ms. Toole's sister, submitted documentation from her medical provider to Human Resources.

9.    Ms. Harvey was pregnant, and the medical documentation was a recommendation from Ms. Harvey's medical provider for specific medical restrictions, i.e., light duty.

10.    On May 24, 2022, Ms. Harvey's medical provider, Dr. Ronnye Purvis, of the Purvis Clinic in Meridian, sent specific medical restrictions for Ms. Harvey, and Ms. Harvey provided this documentation to Human Resources at the Oaks.

11. On May 27, 2022, Ms. Toole accompanied Ms. Harvey to a meeting with Director of Nursing Debra Dearman (white female).

12. Ms. Toole was advocating on behalf of her sister, Ms. Harvey, given her status as pregnant.

13. Ms. Toole observed that Ms. Dearman was unnecessarily pressuring Ms. Harvey despite her light duty status, e.g., Ms. Dearman was frequently instructing Ms. Harvey to stand while at work, even while Ms. Harvey was monitoring one resident in a 1:1 manner, which could easily be done while sitting.

14. The conversation went poorly.

15. Ms. Harvey and Ms. Dearman became heated in their exchange.

16. Ms. Toole encouraged her sister, Ms. Harvey, to calm down so that the issue could be talked through.

17. Eventually, Ms. Dearman instructed both Ms. Toole and Ms. Harvey to go home.

18. Ms. Toole told Ms. Dearman that she was going to contact corporate HR to address the matter.

19. At approximately 10:30am, Ms. Toole and Ms. Harvey left the Oaks.

20. Later in the day on May 27, 2022, around noon, Ms. Toole called Human Resources Corporate Representative Robin Gabinsky and explained how she (Ms. Toole) had been speaking on behalf of Ms. Harvey to Ms. Dearman and had then been sent home.

21. Ms. Gabinsky said she was going to investigate the matter and then she would call Ms. Toole back.

22.     Shortly thereafter, Ms. Gabinsky called Ms. Toole.

23.     She told Ms. Toole that both of them (Ms. Toole and Ms. Harvey) were not suspended and could return to work.

24.     At 2:21pm, Scheduler Camesha McGowan texted Ms. Toole and stated, "You come back [May 31, 2022] and Chuneisha come back [May 29, 2022]."

25.     At 4:27pm, Ms. McGowan texted Ms. Toole, "Come back to work your next scheduled day."

26.     At that point, Ms. Toole was scheduled to work on May 28, 2022, so Ms. Toole tentatively planned to return to work on the following day.

27.     At 4:41pm Oaks Rehabilitation Human Resources Representative Hailey Northam called Ms. Toole and left a voicemail.

28.     In that voicemail, Ms. Northam states that corporate Human Resources had contacted them at the Oaks, and it was now the decision of Administrator Raymond Burgett that Ms. Toole was not suspended, and she could return to work.

29.     At 6:47pm, Ms. Northam sent a text message to Ms. Toole.

30.     Ms. Northam sent Ms. Toole a screenshot of a text interaction between herself (Ms. Northam's) and Mr. Burgett.

31.     In that screenshot, Mr. Burgett texted to Ms. Northam, "So hate to bother you but thing have exploded.  Please call and let [Ms. Harvey] not [sic] to return to work next scheduled day after Saturday and Laveisha to return Tuesday.  Looking story I will catch up later. Thank you!"

4

32.    In the screenshot, Ms. Northam responds to Mr. Burgett, "Okay – paid suspension?", and Mr. Burgett responds, "Don't know yet, investigation must take place to come to that decision. Thanks."

33.    In response to this screenshot, Ms. Toole texted a response to Ms. Northam, "So we don't come back to work."  Ms. Northam responded, "Not till Monday."

34.    At 7:52pm, Ms. McGowan texted Ms. Toole, "Never mind come back [May 31, 2022] is what [Administrator Raymond Burgett] said."

35.    On May 30, 2022, at 6:40pm, Ms. Toole texted Ms. Northam, "I got a question who been receiving death threats".

36.    Ms. Northam texted back, "[Ms. Dearman] n kasey".

37.    Ms. Toole then texted, "So who they trying to say been calling them".

38.    After that, Ms. Northam did not respond.

39.    On May 31, 2022, Ms. Toole returned to work and worked an entire shift.

40.    Around the middle of the shift (i.e., around 10am), Ms. Toole was called in to talk with Ms. Northam and Corporate Team Member Scott Smith.

41.    Ms. Northam and Mr. Smith told Ms. Toole to write a statement describing the events of May 27, 2022.

42.    After that, Ms. Toole returned to work.

43.    At the end of the shift, Mr. Burgett and Ms. Northam informed Ms. Toole that she was terminated, allegedly for insubordination, disrespect, and unprofessional and disorderly conduct.

44.    Ms. Toole also heard from CNA Catherine White that Ms. Dearman had alleged receiving a death threat by phone on May 27, 2022.

5

45.    Evidently Ms. Dearman alleged this threat to have come from Ms. Toole, although Ms. Toole adamantly denies having threatened anyone or having any knowledge about who did.

46.    After she was terminated, Ms. Toole learned that her position was replaced by Heidi Eakes, a white female.

47.    On July 23, 2022, Ms. Toole filed an EEOC Charge of race discrimination and retaliation against Riley Healthcare.

48.    On April 7, 2023, in response to Ms. Toole's Charge, Riley Healthcare submitted a Position Statement to the EEOC.

49.    Riley's Position Statement alleges that the meeting on May 27, 2022 occurred when Ms. Dearman observed Ms. Harvey, while on duty, sitting in the hallway on her cellphone with her feet up in a chair.

50.    Subsequently, Ms. Dearman instructed Ms. Harvey to come meet with her in her office, and Ms. Toole became involved with the discussion without any invitation from Ms. Dearman.

51.    The Position Statement goes on to allege that Ms. Toole followed Ms. Dearman into her office, slammed the door, and then began to yell at Ms. Dearman, claiming she was picking on Ms. Harvey.

52.    This allegation is not an accurate depiction of what happened.

53.    Ms. Toole allows that she did accompany Ms. Harvey to the meeting on May 27, 2022, yet Ms. Toole did not slam the door or yell at anyone.

54.    Rather, as Ms. Harvey and Ms. Dearman's words began to get heated, Ms. Toole encouraged Ms. Harvey to calm down.

55.    Then, before any real discussion could take place, Ms. Dearman sent both Ms. Toole and Ms. Harvey home, stating that they were both suspended.

56.    Riley's Position Statement alleges that "The Oaks' former Executive Director, Raymond Burgett (White) ("Mr. Burgett"), heard loud voices from down the hall, came into Ms. Dearman's office, and, after failed attempts to calm Ms. Toole and Ms. Harvey, asked both of them to leave the facility.

57.    At that time, both Ms. Toole and Ms. Harvey were suspended by Mr. Burgett pending investigation into the incident with Ms. Dearman."

58.    Again, this allegation is not accurate.

59.    It was only after Ms. Dearman had announced that Ms. Toole and Ms. Harvey were suspended, and as they were leaving, that Mr. Burgett arrived on the scene and asked what was going on.

60.    At that point, as Ms. Toole and Ms. Harvey were leaving, Ms. Toole informed Mr. Burgett that Ms. Dearman had suspended her and Ms. Harvey.

61.    From that point on, the timeline described above shows what happened.

62.    Various texts were sent back and forth to address the issue of how long the suspensions would remain in place and whether Ms. Toole and Ms. Harvey would be paid or not.

63.    At some point during the text interactions, it became evident that someone had apparently made death threats toward Ms. Dearman.

64.    Ms. Toole asserts that she did make any threats to anyone, nor does she have any idea who apparently did.

65.    On May 31, 2022, Ms. Toole returned to work and worked an entire shift.

7

66.    During her time at work, she was asked to write a statement describing the events of May 27th, which she did.

67.    At the end of her workday, as noted above, Ms. Toole was terminated.

68.    Ms. Toole later found out that her position was replaced by a less qualified white female, Heidi Eakes.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII – RACE DISCRIMINATION

69.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 68 above as if fully incorporated herein.

70.    Defendant has discriminated against Plaintiff because of her race based on the facts identified above which constitutes a violation of Title VII.

71.    Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

72.    The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II: VIOLATION OF 42 U.S.C § 1981 – RACE DISCRIMIMATION

73.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 72 above as if fully incorporated herein.

74.    Defendant has discriminated against Plaintiff because of her race based on the facts identified above and is a violation of 42 U.S.C. §1981.

75.    Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

8

76.     The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and punitive damages pursuant to 42 U.S.C. §1981.

### COUNT III:  VIOLATION OF TITLE VII – RETALIATION

77.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 76 above as if fully incorporated herein.

78.     Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* by retaliating against Plaintiff as described in more detail above.

79.     Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*.

79.     The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*., and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

### COUNT IV:  VIOLATION OF 42 U.S.C. §1981 – RETALIATION

80.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 79 above as if fully incorporated herein.

81.     Defendant has violated 42 U.S.C. §1981 by retaliating against Plaintiff as described in more detail above.

82.     Plaintiff is entitled to protection for making complaints or charges of misconduct in violation of 42 U.S.C. §1981.

83.     The acts of the Defendant constitute a willful intentional violation of 42

U.S.C. §1981 and entitle Plaintiff to recovery of damages, both pecuniary and punitive

in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

1.     Back wages and reinstatement; or
2.     Future wages in lieu of reinstatement; and
3.     Compensatory damages;
4.     Punitive damages;
5.     Attorney's fees;
6.     Lost benefits;
7.     Pre-judgment and post-judgment interest;
8.     Costs and expenses; and
9.     Such further relief as is deemed just and proper.

THIS the 26th day of October 2023.

Respectfully submitted,

LAVEISHA TOOLE, Plaintiff

By:     /s/Louis H. Watson, Jr.
        Louis H. Watson, Jr.  (MB# 9053)
        Nick Norris (MB# 101574)
        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com